1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Esther De La Fuente, | No. CV-17-04732-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Roosevelt Elementary School District No. 66, *et al.*, | |
| Defendants. | |

At issue is Defendant Brent Russell's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 59). In this Order, the Court will also resolve Russell's Request that the Court Summarily Grant Russell's Motion to Dismiss Second Amended Complaint (Doc. 64).

On May 21, 2018, the Court held a Rule 16 Scheduling Conference (Doc. 50), at which time the Court granted Defendant Brent Russell's prior Motion to Dismiss (Doc. 44). The Court dismissed Plaintiff's state law claims against Russell with prejudice because those claims were already being litigated in an older, parallel state court action, and the Court dismissed Plaintiff's Americans with Disabilities Act ("ADA") and Rehabilitation Act claims against Russell without prejudice, because they could not be brought against Russell in his individual capacity.

Contrary to Plaintiff's assertion (*e.g.*, Doc. 56), the Court did not give Plaintiff leave to file an amended complaint, but rather leave to file a **motion** to amend. In the May 21, 2018 Scheduling Conference, the Court stated:

> I will leave it to you, [counsel for Plaintiff] Mr. Borunda, if it was your intention to raise those claims as against Mr. Russell, to consider whether you want to amend the complaint to file against him in his official capacity, if that can be done, and I know that may be the subject of litigation later on. So with regard to those two claims, it will be dismissal without prejudice. We've set the time for filing motions to amend for June 8. If, upon contemplation, that's what Mr. Borunda wants to do, he may and that may alight another set of motion practice or it may not.

Indeed, in its Scheduling Order (Doc. 51), the Court gave Plaintiff until June 8, 2018, to file any **motion** to amend. Instead, Plaintiff simply filed a Second Amended Complaint (Doc. 57), to which Russell has filed another Motion to Dismiss (Doc. 59) and the other Defendants have filed an Answer (Doc. 58).

Plaintiff erred when she filed a Second Amended Complaint without filing a Motion to Amend the Complaint, as required by Federal Rule of Civil Procedure 15(a)(2). A party may amend a complaint once as a matter of course within 21 days after serving it, or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182 (1962) (citation and internal quotations omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15–to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotations omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotations omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

Here, Defendants had already answered Plaintiff's First Amended Complaint (Docs. 10, 20, 22, 25, 31, 33), and the period in which Plaintiff could have amended her Complaint as a matter of course passed. As a result, absent Defendants' written consent—which Plaintiff made no mention of in her Notice of Filing Amended Pleading (Doc. 56)—Plaintiff was required to file a motion to amend in which Plaintiff demonstrated that her proposed amendments are not futile and do not cause undue delay or otherwise prejudice Defendants.

Although Plaintiff erred in filing the Second Amended Complaint, Russell filed another Motion to Dismiss (Doc. 59) on June 21, 2018, arguing among other things that, considering Plaintiff's allegations, it is not plausible that Russell was acting in an official capacity at the time of the conduct Plaintiff alleges because he was an employee of a temporary employment agency, Kelly Services, and not the School District. Russell's argument has merit. Plaintiff had until July 12, 2018, to file a Response to Russell's Motion to Dismiss, but failed to do so. As a result, Russell is entitled to summary disposition of his Motion to Dismiss under Local Rule 7.2(i), and the Court will therefore dismiss Plaintiff's claims against Russell in the Second Amended Complaint. Although Plaintiff did not properly move to file a Second Amended Complaint in the first place, all Defendants—Russell and the others—would be prejudiced by having prepared a Motion to Dismiss or Answer if the Court now struck the improperly-filed Second Amended Complaint.

The Court also notes that the June 8, 2018 deadline to file a motion to amend the complaint set forth in the Scheduling Order (Doc. 51) has now passed. Federal Rule of Civil Procedure 16(b)(4) provides that the deadlines in the Scheduling Order "may be modified only for good cause and with the judge's consent." A motion to amend the complaint filed after the deadline set forth in the Scheduling Order is equivalent to a motion to amend the case schedule, which must meet the "good cause" requirement of Rule 16(b)(4). *See Morgal v. Maricopa Cty. Bd. of Supervisors*, 284 F.R.D. 452, 459 (D. Ariz. 2012). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the

party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Thus, a party moving to amend the Complaint must first demonstrate that she worked diligently to comply with the schedule as set forth in the Scheduling Order. *Id.* at 459-60. Put another way, Plaintiff must show that conditions made it impossible to timely file a motion to amend. *Id.*

If Plaintiff is contemplating an attempt at amending the Second Amended Complaint to once again raise claims against Russell, Plaintiff must take into consideration the requirements of the Scheduling Order and Rules 15 and 16. Plaintiff already did not file a motion requesting leave to file the Second Amended Complaint, as required by Rule 15(a)(2), and it is difficult to conceive of a manner in which Plaintiff can now meet the Rule 16 standard for the Court to amend the Scheduling Order and allow Plaintiff to file a late motion to amend. For the time being, the Court will allow the Second Amended Complaint (Doc. 57) to stand, but grant Russell's Motion to Dismiss (Doc. 59). The operative Complaint in this matter is thus the Second Amended Complaint (Doc. 57) minus Plaintiff's claims against Russell.

IT IS THEREFORE ORDERED granting Defendant Brent Russell's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 59).

IT IS FURTHER ORDERED denying as moot Defendant Brent Russell's Request that the Court Summarily Grant Russell's Motion to Dismiss Second Amended Complaint (Doc. 64).

Dated this 24th day of July, 2018.

Honorable John J. Tuchi
United States District Judge