**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Esther De La Fuente, | No. CV-17-04732-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Roosevelt Elementary School District No. 66, et al., | |
| Defendants. | |

Plaintiff Esther De La Fuente ("Plaintiff"), on her own behalf and on behalf of her son, A.D., has moved for reconsideration of the Court's May 31, 2019 order (Doc. 91) granting summary judgment to Defendant Roosevelt Elementary School District No. 66 ("the District") and the individual Defendants (together, "Defendants"). (Doc. 94.) For the following reasons, the Court denies the motion.

## DISCUSSION

I. <u>Procedural Background</u>

On January 23, 2019, Defendants moved for summary judgment on four grounds: (1) Plaintiff failed to exhaust her administrative remedies before filing this suit; (2) Plaintiff's claims are barred by the statute of limitations; (3) Plaintiff is not entitled to recover damages for her own emotional distress in these circumstances; and (4) the official capacity claims against the individual Defendants are duplicative of the claims against the District. (Doc. 77.)

On May 31, 2019, the Court granted the motion on the second ground, finding that

the statute of limitations began to run by no later than June 16, 2015, "which is the date on which OCR 'received a complaint alleging [the District] discriminated against [A.D.] on the basis of disability . . . by failing to . . . implement his Section 504 plan from March 2013 until May 2015.'" (Doc. 91 at 7-8, citing Doc. 77 at 29.) Because Plaintiff did not file her complaint in this case until December 21, 2017 (Doc. 1), her claims fell outside the two-year statute of limitations. The Court reasoned that "[a]lthough Plaintiff may not have been certain of the claims on that date [in June 2015], she had reason to know of them, given that she had a copy of the Section 504 plan (Doc. 83 ¶ 4) and suspected the District had not been complying with that plan (*id.* ¶¶ 8-10), leading her to file the OCR complaint." (Doc. 91 at 7-8.) The Court further found that Plaintiff was not entitled to equitable tolling because "the District's protestations of [the] nonexistence [of the Section 504 plan] (during the early stages of the OCR proceedings) could not have concealed the injury or misled Plaintiff from recognizing the legal wrong," given that she knew the plan existed and knew enough by June 2015 to file an OCR complaint. (*Id.* at 8-10.)

Plaintiff filed the instant motion, entitled "Plaintiffs' Rule 59(e) Motion to Alter or Amend Judgment," on June 11, 2019. (Doc. 94.) The Court construed this motion as a motion for reconsideration and permitted Defendants to file a response and Plaintiff to file a reply. (Doc. 95.) The parties have now filed these briefs.

II.     Legal Standard

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). However, motions for reconsideration are generally disfavored and should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g). Indeed, reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). The Local Rules further state that "[n]o motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that

resulted in the Order." LRCiv. 7.2(g).

III. <u>Analysis</u>

Plaintiff makes two main arguments in her motion, both based on the Arizona Court of Appeals' decision in *Lasley v. Helms*, 880 P.2d 1135 (Ariz. Ct. App. 1994). First, she argues the Court erred in finding that equitable tolling/fraudulent concealment was unavailable. (Doc. 94 at 3-7.) Specifically, she contends "[t]he Court erred in limiting application of tolling for fraudulent concealment to Plaintiffs' initial suspicion of the District's wrongdoing rather than applying it to the District's subsequent denial of wrongdoing when confronted in the OCR complaint." (*Id.* at 3.) Second, she argues that "when Plaintiff[] knew or should have known of the District's fraud is a question for the jury, and the Court clearly erred in determining a jury question." (*Id.* at 7.)

In their response, Defendants argue that (1) Plaintiff's motion is improper under both the Local Rules and Federal Rule of Civil Procedure 59(e) and (2) her "argument is substantively meritless" because she did not present clear and convincing evidence of wrongful concealment, there was no fiduciary duty, and "*Lasley* is nothing like this case." (Doc. 96.)

As an initial matter, the Court agrees with Defendants that Plaintiff's motion for reconsideration is improper. Plaintiff raised the equitable tolling/fraudulent concealment argument in her response to Defendants' motion for summary judgment (Doc. 82 at 15-16) and therefore may not raise it again in a motion for reconsideration. And Plaintiff has not cited any new facts or legal authority in her motion that she could not have cited in her response.

In any event, both of Plaintiff's substantive arguments lack merit. In *Lasley*, the Court found that whether the defendant breached his duty to the plaintiff posed a jury question because "reasonable minds could agree with the plaintiffs' theory of constructive fraud." 880 P.2d at 1138. The court then stated that if the jury found that the defendant breached his duty, "a jury question remain[ed] regarding the tolling of the statute of limitations based upon when [the plaintiff] either knew, or through due diligence should

have known, of the fraud." *Id.*

Here, reasonable minds could not disagree about Plaintiff's theory of constructive fraud. As noted in the Court's order, equitable tolling/fraudulent concealment applies "where a defendant['s] . . . affirmative acts of fraud or concealment have misled a person from either recognizing a legal wrong or seeking timely legal redress." *Porter v. Spader*, 239 P.3d 743, 747 (Ariz. Ct. App. 2010). *See also Anson v. Am. Motors Corp.*, 747 P.2d 581, 587 (Ariz. Ct. App. 1987) ("[T]he true inquiry [is] . . . whether the defendant has wrongfully concealed facts giving rise to the cause of action in such a manner as to prevent a plaintiff from reasonably discovering a claim exists within the limitations period.").

Here, by the time Plaintiff filed her OCR complaint in June 2015, she was already aware (or, at a minimum, had "reason to know") that the District hadn't implemented A.D.'s Section 504 plan for the period in question. She not only had a copy of the Section 504 plan (Doc. 83 at 2 ¶ 4; Doc. 85 at 10) but, more important, she was so suspicious that she filed an OCR complaint "alleging [the District] discriminated against [A.D.] on the basis of disability . . . by failing to . . . implement his Section 504 plan from March 2013 until May 2015" (Doc. 77 at 29). Indeed, Plaintiff admitted in her own Separate Statement of Facts that she filed the OCR complaint "upon suspicion" that the Section 504 plan hadn't been implemented. (Doc. 83 ¶ 10.) A reasonable jury, thus, could not find that the District's protestations of the nonexistence of the Section 504 plan *after* Plaintiff filed her OCR complaint could have concealed the injury or misled Plaintiff from recognizing the legal wrong. The same knowledge and admitted suspicions that prompted her to file the OCR complaint in June 2015 could and should have led her to file a parallel civil damages lawsuit against Defendants at the same time.

*Lasley* is inapposite. There, a reasonable jury could have found the doctor's concealment of the possible effects of the drug prevented the plaintiff from recognizing his malpractice claim. 880 P.2d at 1138. Notably, the plaintiff in *Lasley* didn't file any regulatory complaints against the doctor in the years before he filed his civil lawsuit.

…

1        Accordingly, **IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 94) is **denied**.

Dated this 18th day of July, 2019.

_____
Dominic W. Lanza
United States District Judge